UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
LOANCARE, LLC,                                                     :
                                                                   :
                              Plaintiff,                           :         22-CV-9286 (JMF)
                                                                   :
              -v-                                                  :         ORDER
                                                                   :
DIMONT & ASSOCIATES, LLC et al.,                                  :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff LoanCare, LLC brings this action against Defendants Dimont & Associates, LLC and Investor Claim Solutions, LLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that it is a Delaware limited liability company and that its principal place of business is in Virginia. *See* ECF No. 1 ("Complaint"), ¶ 12. It alleges that Dimont & Associates, LLC and Investor Claim Solutions, LLC are Delaware and Texas limited liability companies, respectively, and that their principal places of business are in Texas. *See id.* ¶ 13-14.

It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the

citizenship of any members of the LLC that are themselves LLCs).  *See Handelsman*, 213 F.3d at

51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp.

2d 260, 334 n.17 (S.D.N.Y. 2010).  Additionally, a party's citizenship, including the citizenship

of LLC members, "must be affirmatively pled."  *Prospect Funding Holdings, LLC v. Fennell*,

No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming*

*v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1

(E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of

a[n] LLC[] [party's] members are citizens of the same state as [the opposing party].").  In the

present case, the Complaint fails to affirmatively plead the citizenship of each member of

Plaintiff and Defendants.

Accordingly, it is hereby ORDERED that, on or before **November 14, 2022**, Plaintiff

shall amend its Complaint to affirmatively allege the citizenship of each constituent person or

entity comprising itself and Defendants.  If, by that date, Plaintiff is unable to amend the

Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be

dismissed for lack of subject matter jurisdiction without further notice to any party.

SO ORDERED.

Dated: October 31, 2022
      New York, New York

_____
JESSE M. FURMAN
United States District Judge