Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022

troutman.com

**Joseph M. DeFazio**
D 212.704.6341
joseph.defazio@troutman.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2024

May 30, 2024

**VIA ECF**
Honorable Margaret M. Garnett
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   LoanCare, LLC v. Dimont & Associates et al. Docket No.: 1:22-cv-09286--MMG

Dear Judge Garnett:

  This firm represents Plaintiff LoanCare, LLC ("LoanCare") in the above-referenced action ("Action"). In accordance with Rule I(D)(3) of Your Honor's Individual Rules and Practices in Civil Cases, Standing Order 19-MC-583, Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions and Your Honor's May 23, 2024 Order in this Action (ECF 128), LoanCare submits this letter motion requesting the Court seal LoanCare's Rule 56.1 Statement of Undisputed Material Facts (previously filed as ECF 84-1) and Memorandum in Support of Motion for Partial Summary Judgment (previously filed as ECF 85). These documents contain quotations from exhibits that are confidential business documents that include internal policy and procedures and a sensitive contract with a third party. The undersigned conferred with counsel for Dimont & Associates, LLC ("Dimont"), on May 29, 2024. Dimont consented to the sealing of the documents.

  In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic In'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotations omitted). Documents may be ordered sealed where they are "sources of business information that might harm a litigant's competitive standing." *In re Parmalat Securities Litigation*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). The facts and circumstances here support such a sealing order.

  Courts recognize the confidentiality of a litigant's business information as a "competing consideration" that can merit sealing. For example, in Mark v. Gawker Media LLC, the Court found "the privacy interests in ... Gawker's confidential business information to be 'competing considerations' sufficient to reject the common-law presumption of access." No. 13-4347-AJN, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (summary order) (affirming district court sealing order premised on a conclusion "that NASD's interest in protecting confidential business information outweighs the qualified First Amendment presumption of access").

172121190

Page 2 

Here, LoanCare seeks to seal the following documents:

- Rule 56.1 Statement of Undisputed Material Facts (previously filed as ECF 84-1)
- Memorandum in Support of Motion for Partial Summary Judgment (previously filed as ECF 85)

The information in all the documents proposed to be filed under seal constitutes trade secrets and/or confidential business information regarding LoanCare's internal operations and its relationships with clients that, if publicly disclosed, would harm LoanCare's competitive position and its relationships with clients (including contractual confidentiality commitments to them).

Courts routinely seal these types of documents. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth.*, 347 Fed. Appx. 615, 617 (2d Cir. 2009) (finding the "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning … marketing strategies, product development, costs, and budgeting."); *Encyclopedia Brown Productions. Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-613 (S.D.N.Y. 1998) (withholding from disclosure confidential business information that would harm defendants' competitive position); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal because of "assertion that its competitors who do not now have this information could use it to do [the disclosing party] competitive injury."). "[T]he privacy interests of third parties" is also a recognized protected category of information in the Second Circuit. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 118 (2d Cir. 2006)

Respectfully submitted,

By /s/Joseph M. DeFazio
    Joseph M. DeFazio, Esq.

    Attorney for Plaintiff LoanCare, LLC

Request GRANTED in part.  Plaintiff may file in redacted form its memorandum of law and Rule 56.1 Statement using the redactions proposed at Dkt. Nos. 131 and 133, except that the Court does NOT grant the request to redact the statements at **pages 27-28 of the Rule 56.1 Statement at Dkt. No. 133**.  By **June 6, 2024**, Plaintiff must either (1) file the Rule 56.1 Statement on the public docket with the redactions at pages 27-28 removed, or (2) if Plaintiff continues to request to redact the statements on those pages, Plaintiff may file a supplemental letter on the docket further explaining why the Court should grant the request to redact those particular statements.

The Clerk of Court is directed to terminate Dkt. No. 129.

SO ORDERED.  Date 6/6/2024

HON. MARGARET M. GARNETT
U.S. DISTRICT JUDGE

172121190