Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022

troutman.com



**Joseph M. DeFazio**
D 212.704.6341
joseph.defazio@troutman.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2024
```

May 20, 2024

**VIA ECF**
Honorable Margaret M. Garnett
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   LoanCare, LLC v. Dimont & Associates et al. Docket No.: 1:22-cv-09286--MMG

Dear Judge Garnett:

      This firm represents Plaintiff LoanCare, LLC ("LoanCare") in the above-referenced action ("Action"). In accordance with Rule I(D)(3) of Your Honor's Individual Rules and Practices in Civil Cases, Standing Order 19-MC-583, and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, LoanCare submits this letter motion requesting the Court seal Exhibits 5, 6, 7, and 17 within the Rule 56.1 Statement of Undisputed Material Facts. The exhibits are confidential business documents that include internal policy and procedures and a sensitive contract with a third party. The undersigned conferred with counsel for Dimont & Associates, LLC ("Dimont") on May 20, 2024. Dimont consented to the sealing of the exhibits.

      In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic In'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotations omitted). Documents may be ordered sealed where they are "sources of business information that might harm a litigant's competitive standing." *In re Parmalat Securities Litigation*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). The facts and circumstances here support such a sealing order.

      Courts recognize the confidentiality of a litigant's business information as a "competing consideration" that can merit sealing. For example, in Mark v. Gawker Media LLC, the Court found "the privacy interests in ... Gawker's confidential business information to be 'competing considerations' sufficient to reject the common-law presumption of access." No. 13-4347-AJN, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (summary order) (affirming district court sealing order premised on a conclusion "that NASD's interest in protecting confidential business information outweighs the qualified First Amendment presumption of access").

      Here, LoanCare seeks to seal the following documents:



May 20, 2024
Page 2

- Exhibit 1 annexed to Bryan Pommer's Declaration (**Exhibit A to DeFazio Declaration dated May 20, 2024**).
- Deposition transcript of Stacey Darnell and Exhibit 1 annexed to Mr. Darnell's Deposition (**Exhibit C to DeFazio Declaration dated May 20, 2024**)
- Excerpts quoted from already sealed Subserving Agreement between Lakeview and LoanCare (**Exhibit 6 to LoanCare's Motion for Partial Summary Judgment**) in LoanCare's response to Dimont's Statement of Undisputed Facts.
- Excerpts quoted from already sealed Statement of Work #2018-02 between Lakeview and LoanCare (**Exhibit 7 to LoanCare's Motion for Partial Summary Judgment**) in LoanCare's response to defendant Dimont & Associates ("Dimont") Statement of Undisputed Facts.
- Excerpts quoted from already sealed Subserving Agreement between Lakeview and LoanCare (**Exhibit 6 to LoanCare's Motion for Partial Summary Judgment**) in LoanCare's memorandum of law in Opposition to Dimont's Motion for Summary and in further reply to LoanCare's Motion for Partial Summary Judgment.
- Excerpts quoted from already sealed Statement of Work #2018-02 between Lakeview and LoanCare (**Exhibit 7 to LoanCare's Motion for Partial Summary Judgment**) in LoanCare's memorandum of law in Opposition to Dimont's Motion for Summary and in further reply to LoanCare's Motion for Partial Summary Judgment.

Concerning Stacey Darnell's deposition and Exhibit 1, annexed to it, the testimony and exhibit refer to internal confidential business information as well as highly proprietary material relating to invoices from a third party and LoanCare's business relationship with that third party.

The information in all the documents proposed to be filed under seal constitutes trade secrets and/or confidential business information regarding LoanCare's internal operations and its relationships with clients that, if publicly disclosed, would harm LoanCare's competitive position and its relationships with clients (including contractual confidentiality commitments to them).

Courts routinely seal these types of documents. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth.*, 347 Fed. Appx. 615, 617 (2d Cir. 2009) (finding the "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning … marketing strategies, product development, costs, and budgeting."); *Encyclopedia Brown Productions. Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-613 (S.D.N.Y. 1998) (withholding from disclosure confidential business information that would harm defendants' competitive position); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal because of "assertion that its competitors who do not now have this information could use it to do [the disclosing party] competitive injury."). "[T]he privacy interests of third parties" is also a recognized protected category of information in the Second Circuit. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 118 (2d Cir. 2006).

May 20, 2024
Page 3



Respectfully submitted,

By /s/Joseph M. DeFazio
Joseph M. DeFazio, Esq.

Attorney for Plaintiff LoanCare, LLC

---

Request GRANTED in part.  Plaintiff may file under seal Exhibit 1 to Exhibit A of the Declaration of Joseph DeFazio, which is at Dkt. No. 121-2.  Plaintiff may also file under seal Exhibit C of the DeFazio Declaration at Dkt. No. 121-4.  Plaintiff may file in redacted form its response to Defendant Dimont & Associates, LLC's statement of facts, using the proposed redactions filed at Dkt. No. 126.  These documents contain confidential business and financial information, and the presumption in favor of public access to judicial documents is outweighed by these considerations.

The parties are warned that future requests to seal or redact that do not include the corresponding docket number of the document the party seeks to seal or redact are likely to be denied.

The Clerk of Court is directed to terminate Dkt. No. 120.

SO ORDERED.  Date 6/6/2024

HON. MARGARET M. GARNETT
U.S. DISTRICT JUDGE

171773967